James R. Hawkins (SBN 192925)
james@jameshawkinsaplc.com
Gregory E. Mauro (SBN 222239)
greg@jameshawkinsaplc.com
JAMES HAWKINS APLC
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618

Attorneys For Plaintiff
Alegria A. Almero


Jonathan M. Brenner (SBN 162366)
jbrenner@sidley.com
Max C. Fischer (SBN 226003)
mfischer@sidley.com
Lior Ziv (SBN 240017)
lziv@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys For Defendant
Quest Diagnostics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALEGRIA A. ALMERO, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  SACV 08-0794 DOC (RNBx)<br><br>State Action Filed: June 17, 2008<br><br>Removed: July 18, 2008<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>(Filed concurrently with [Proposed] Order) |

1

1  WHEREAS, Plaintiff Alegria A. Almero ("Plaintiff") and Defendant Quest Diagnostics, Inc. ("Defendant") are conducting pretrial discovery in the above-captioned litigation from one another and third-parties; and

WHEREAS, this discovery will involve the disclosure of testimony, DOCUMENTS or other information which may be considered by the respective parties to contain confidential, private, proprietary and/or trade secret information; and,

WHEREAS, the parties wish to provide a mechanism for the exchange of such information in a manner that will protect its confidentiality and limit its dissemination in order to facilitate discovery in this matter while protecting the parties' rights in regard to confidential information;

NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto through their attorneys of record and subject to the approval of the Court, as follows:

1.  This Confidentiality Agreement shall govern all DOCUMENTS, things, and information produced or provided by parties, non-parties, and their respective representatives in the captioned case which are designated "CONFIDENTIAL" pursuant to paragraph 2, and any copies, summaries, pleadings, transcripts, or other DOCUMENTS containing quotations or references thereto or information contained therein.  Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies as "Confidential."  A Producing Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Confidentiality Agreement.  A party or non-party shall only designate information as "CONFIDENTIAL" to the extent that it reasonably believes it contains (1) internal and non-public personnel or

operating policies, practices and/or procedures of Defendant; (2) non-public financial and business management information; (3) non-public information reflecting Defendant's internal corporate and/or business structure; (4) private personnel and payroll information maintained by Defendant; and (5) Plaintiff's private personal data of a non-public nature. ("Confidential Information"). By designating a DOCUMENT, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this order, the party making the designation is certifying to the court that there is good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). The term "DOCUMENTS" as used herein shall include DOCUMENTS in whatever form, including but not limited to, oral, written, electronic, or digitized, that a party in good faith believes constitutes CONFIDENTIAL INFORMATION.

    2. CONFIDENTIAL INFORMATION in DOCUMENTS shall be so designated by stamping or labeling copies of the documents or responses produced with the legend "CONFIDENTIAL," "CONFIDENTIAL MATERIAL," or words of similar import. The legend "CONFIDENTIAL," "CONFIDENTIAL MATERIAL," or words of similar import, shall be set forth on the DOCUMENT or response and shall be obvious and legible without obstructing the content of the DOCUMENT or response.

    3. Information designated as "CONFIDENTIAL" may be used only for purposes of prosecuting or defending this action and may not be disclosed to any person other than:

    a. Counsel of record in this litigation and other outside counsel, and their partners, employees or associates to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

    b. Any party to this litigation and officers, directors and employees of a party who are assisting his/her or its counsel, but only to the extent

1  that such disclosure is reasonably deemed necessary by such counsel for the conduct
2  of this litigation;
3         c.      In-house counsel who are employed by any party to this
4  litigation;
5         d.      Court Reporters and videographers while in the performance
6  of their official duties;
7         e.      Independent expert(s) and/or consultant(s) retained by or
8  associated with any party in order to assist that party's counsel in the conduct of this
9  litigation, but only to the extent that such disclosure is reasonably deemed necessary
10 by such counsel for the performance of such assistance, and that such expert(s) or
11 consultant(s) may retain CONFIDENTIAL INFORMATION only so long as is
12 necessary for the performance of such assistance and may use such information only
13 for providing assistance to counsel in this action and, in any event, all copies of any
14 information designated as "CONFIDENTIAL" shall be returned to the producing
15 party or destroyed not later than sixty (60) days after the termination of this litigation,
16 whether by settlement, judgment or appeal;
17        f.      This Court or a referee or any other court appointed person
18 before whom or which this litigation is pending, including any court personnel, and/or
19 any other person and/or entity as ordered by the Court;
20        g.      The person(s) who actually prepared or provided the
21 CONFIDENTIAL INFORMATION, or to whom the CONFIDENTIAL
22 INFORMATION was addressed or delivered, but only to the extent that such
23 disclosure is necessary for the conduct of this litigation and provided that such persons
24 may not retain any CONFIDENTIAL INFORMATION;
25        h.      Percipient witnesses having, and/or whose employer has,
26 some relationship to the CONFIDENTIAL INFORMATION, but only to the extent
27 that such disclosure is necessary for the conduct of this litigation and provided that
28 such persons may not retain any CONFIDENTIAL INFORMATION; and

          i.     Mediators, and/or any other neutrals, appointed to conduct any settlement negotiations between the parties.

    4.     Prior to the disclosure of any information designated as "CONFIDENTIAL" to any person identified in paragraphs 3(b), (c), (e), (g) or (h) herein, such person shall be furnished with a copy of this Protective Order and shall be required to execute the certificate attached as Exhibit A hereto. Counsel for the party disclosing CONFIDENTIAL INFORMATION shall maintain these written certifications, and they shall be available to opposing counsel for inspection and copying. In the event that disclosure is made to an undisclosed expert or consultant retained by that party in connection with the litigation, the identity of the undisclosed expert is that party attorney's work product and need not be disclosed to opposing counsel even though the expert or consultant signs a written certification; provided, however, that the written certifications executed by undisclosed experts or consultants shall be made available to opposing counsel for inspection and copying at the earliest of (a) the date on which such expert or consultant has been disclosed or (b) within 60 days after termination of this litigation, whether by settlement, judgment or appeal.

    5.     It shall be the duty of the party or non-party who contends that materials are to be treated as "CONFIDENTIAL" to denominate such information pursuant to Paragraph 2.

    6.     DOCUMENTS containing information designated as "CONFIDENTIAL" should be filed under seal pursuant to the procedures set forth in Local Rule 79-5, which is incorporated herein by reference.

    7.     Any designation of deposition testimony as "CONFIDENTIAL" shall be made at the time such testimony is given or within thirty (30) days after the parties' and/or deponent's receipt of a transcript of such proceedings, whichever is later. When the transcripts of testimony designated as being "CONFIDENTIAL" are prepared, the reporter shall place the following legend on the cover of the transcript: "Certain portions of this transcript contains Confidential Information subject to a

Protective Order of the Court – those materials must be filed under seal."

8. Any copies of information designated as "CONFIDENTIAL" shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom such information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

9. This Protective Order shall be without prejudice to the right of any party or non-party to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege, or whether any particular DOCUMENT or information should or should not be designated as "CONFIDENTIAL" for the purposes of this Protective Order. Neither any party's failure to object to any designation of information as being "CONFIDENTIAL" nor anything contained in this Protective Order shall be construed as any waiver of any rights and/or defenses of any party to this litigation, including claiming that such information is not confidential and/or protectable or shall be construed in any manner as an admission by any party that the DOCUMENTS and/or materials subsequently designated or labeled by another party and/or third-party as "CONFIDENTIAL" in fact contains CONFIDENTIAL INFORMATION.

10. This Protective Order applies only to the parties and non-parties executing this stipulation; it does not affect or bind other parties subsequently named in this action. However, insofar as any third-party produces DOCUMENTS to either Plaintiff or Defendant, that third-party, Plaintiff or Defendant can designate such DOCUMENTS as being "CONFIDENTIAL" within thirty (30) days of Plaintiff's or Defendant's receipt of such DOCUMENTS. To the extent that any party to this Protective Order is requested to produce, through pretrial discovery or otherwise, CONFIDENTIAL INFORMATION of a party, person and/or entity that is not a signatory to this Protective Order, this Protective Order will not be construed to

require any party hereto to disclose another party's or third party's CONFIDENTIAL INFORMATION in this action. However, it shall be the duty of the designating party to move for a Protective Order to prevent such disclosure.

11. Nothing contained in this Protective Order shall be construed to constitute a waiver of a party's right to claim, within thirty (30) days after its disclosure, that a DOCUMENT not designated as "CONFIDENTIAL" is in fact "CONFIDENTIAL" within the terms of this Protective Order, including DOCUMENTS produced by third-parties. No party shall be obligated to challenge the propriety of a designation of such information at the time such designation is made, and a failure to make such challenge shall not preclude a subsequent challenge to such designation. Any party may object to the confidentiality designation of any designated material by serving written notice of objection on the designating party, and (if the producing party is a non-party) all other parties, specifying by either Bates Number, or with reasonable particularity, the materials to which an objection is made. Upon receipt of an objection to the confidentiality designation, the designating party shall set forth the basis for the confidentiality designation in writing. If within fifteen (15) days after the receipt of such objection the designating party with respect to such specified DOCUMENT(s) does not provide the basis for the confidentiality designation, the specified DOCUMENT(s) shall be relieved from the restriction of this Confidentiality Agreement, and all parties shall remove any designation of confidentiality from such DOCUMENTS. To the extent the designating party timely provides its purported basis for the designation in writing as set forth herein, the party objecting to the designation may file a motion for a determination by the Court as to the validity of the designation. In the event such a motion is filed, confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court.

12. The parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine ("Privileged Information") shall not constitute a waiver of such privilege and/or protection.

1   Promptly upon discovering that any Privileged Information has been produced, the
2   producing party shall notify the other party in writing and designate inadvertently
3   produced DOCUMENTS on a privilege log. Upon receipt of such notice, the
4   receiving party shall not review such DOCUMENTS further (except for the purposes
5   of identifying them for their return to the disclosing party and/or destruction) and shall
6   either return all copies of the same to the producing party or destroy them. Nothing
7   contained herein is intended to, and/or does, constitute a waiver of any party's right to
8   challenge any designation of Privileged Information and/or move to compel the
9   production of such DOCUMENTS.
10            13.   Nothing in this Protective Order shall be read to require a formal
11  order of Court prior to use of designated information, so long as its use is consistent
12  with the terms of this Protective Order.
13            14.   Nothing in this Protective Order is intended to and/or does amend,
14  relieve, and/or affect in any way any party or non-party's pre-existing duties to
15  maintain the confidentiality of information that is presently or hereafter in its
16  possession.
17            15.   Except as otherwise may be agreed by the parties, but not later
18  than sixty (60) days after the termination of this litigation, whether by settlement,
19  judgment or appeal, all copies of any information designated as "CONFIDENTIAL"
20  shall be returned to the producing party or destroyed, except for material reasonably
21  considered by counsel to be their work product. Counsel shall certify in writing to
22  opposing counsel that all such information has been returned to the producing party or
23  destroyed. Notwithstanding this obligation, counsel of record for each party may
24  retain one copy of any designated materials and of any pleadings filed under seal
25  herein, and one copy of each transcript containing designated material for their files.
26            16.   The Court shall retain jurisdiction of all matters pertaining to this
27  Protective Order, and each party, person or entity signing a copy of this Order.
28

| | | |
|---|---|---|
| 1 | Dated: June __, 2009 | JAMES HAWKINS APLC<br>James R. Hawkins<br>Gregory E. Mauro |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | James R. Hawkins<br>Gregory E. Mauro<br>Attorneys for Plaintiff<br>Alegria A. Almero |
| 6 | | |
| 7 | | |
| 8 | Dated: June 9, 2009 | SIDLEY AUSTIN LLP<br>Jonathan M. Brenner<br>Max C. Fischer<br>Lior Ziv |
| 9 | | |
| 10 | | |
| 11 | | By: /s/ Lior Ziv<br>Lior Ziv<br>Attorneys for Defendant<br>Quest Diagnostics, Inc. |
| 12 | | |

| | | |
|---|---|---|
| 1 | Dated: June 8, 2009 | JAMES HAWKINS APLC |
| 2 | | James R. Hawkins |
| | | Gregory E. Mauro |
| 3 | | |
| 4 | | By: **GREGORY E. MAURO, ESQ.** *Digitally signed by GREGORY E. MAURO, ESQ. DN: cn=GREGORY E. MAURO, ESQ., o, ou, email=GREG@JAMESHAWKINSAPLC.COM, c=US Date: 2009.06.08 08:17:34 -07'00'* |
| 5 | | James R. Hawkins |
| | | Gregory E. Mauro |
| 6 | | Attorneys for Plaintiff |
| | | Alegria A. Almero |
| 7 | | |
| 8 | Dated: June __, 2009 | SIDLEY AUSTIN LLP |
| | | Jonathan M. Brenner |
| 9 | | Max C. Fischer |
| | | Lior Ziv |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Lior Ziv |
| | | Attorneys for Defendant |
| | | Quest Diagnostics, Inc. |

9

# **EXHIBIT A**

## ACKNOWLEDGMENT AND CONSENT TO JURISDICTION

I, _____, acknowledge that I have been given a copy of and have read the foregoing Confidentiality Agreement, and I agree to be bound by its terms. I acknowledge and agree that any DOCUMENTS received by me in connection with this matter that have been designated as confidential including, without limitation, those marked "CONFIDENTIAL" and any copies, excerpts, summaries, abstracts and electronic versions of such DOCUMENTS, shall not be disclosed to and/or discussed with anyone except as expressly provided in the Confidentiality Agreement. I consent to the jurisdiction of the United States District Court, Central District of California for the purposes of enforcing the Confidentiality Agreement and penalizing violations thereof.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED _____ at _____.

_____
Signature